No. 98-259

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 98N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

BRADLEY M. SPRINGMAN,

Defendant and Appellant.

APPEAL FROM: District Court of the Sixth Judicial District,

In and for the County of Park,

Honorable Wm. Nels Swandal, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

William A. Bartlett, The Angel Law Firm, Bozeman, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Tammy K. Plubell,

Assistant Attorney General, Helena, Montana

Tara DePuy, County Attorney, Livingston, Montana

Submitted on Briefs: April 29, 1999

Decided: May 18, 1999

Filed:

No

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. Bradley M. Springman appeals his conviction in the Sixth Judicial District Court, Park County, of driving under the influence of alcohol (DUI), sixth offense. He argues that evidentiary errors committed by the District Court were prejudicial to his rights, requiring reversal of the judgment against him. We affirm.**

**¶3. The three alleged evidentiary errors are these: (1) the court allowed the jury to hear a portion of an audiotape of conversation between the arresting officer and Springman's wife, who was present when he was arrested for DUI, but the court denied Springman's request to have the entire audiotape of the arrest played; (2) the court prevented Springman from introducing X-rays of his pelvis as "illustrative evidence;" (3) the court improperly allowed into evidence the results of a horizontal gaze nystagmus (HGN) test.**

**¶4. Springman argues that the cumulative effect of the District Court's three challenged evidentiary rulings prejudiced his right to a fair trial. However, to support this argument, Springman must first establish that the three evidentiary rulings constituted error. Even with proof of error in evidentiary rulings, this Court will not reverse for cumulative error without proof of prejudice. *State v. Campbell* (1990), 241 Mont. 323, 329, 787 P.2d 329, 333.**

¶5. The first alleged error was the court's refusal to play for the jury the entire audiotape of Springman's investigative stop and arrest. In the portion of the tape admitted into evidence, Springman's wife stated that she did not know how many drinks Springman had had, in contradiction to her trial testimony that he had consumed two beers. Springman has not established that the rest of the audiotape had any relevance to this question. Relevance of offered evidence is a prerequisite for its admission at trial. *See* Rule 402, M.R.Evid.

¶6. With respect to the second claimed error, the court's refusal to allow Springman to introduce his own X-ray, Springman did not authenticate the X-ray or meet other foundational requirements which were conditions precedent to its admission. Authentification or identification of offered evidence is a prerequisite for its admission into evidence. Rule 901, M.R.Evid.

¶7. The third allegation of error, concerning the arresting officer's testimony about Springman's performance on the HGN test, was not properly preserved for appeal. As a rule, before this Court will address a claim on appeal, the issue must first have been raised in the district court. Sections 46-20-104(2) and 46-20-701(2), MCA.

¶8. Springman has failed to establish that the District Court committed error in any of the evidentiary rulings which he has challenged. As a result, we hold that the cumulative error doctrine is not applicable to this case. We affirm the judgment of the District Court.

/S/ J. A. TURNAGE

We concur:

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART